Jacob Markowitz, J.
The controlling question posed by this-article 78 proceeding is whether subdivision d of section 434a-2.0 of the Administrative Code of New York City, which provides that there shall only be one rank of policewoman within the Police Department, is an unconstitutional abridgment of the rights of women.
The petitioner, after competitive examination, was appointed as a policewoman in the Police Department of New York City in 1942, and after some 18 years of exemplary service, made application to take an examination to qualify for appointment as a sergeant. In denying her application, the respondent Civil Service Commission informed the petitioner that she was ineligible to take the examination because she “ was not permanently employed in an eligible title ”, because; in other words, there was no authority to promote policewomen to the rank of sergeant. On a subsequent appeal, the commission adhered to its original determination and the petitioner brings the present article 78 proceeding to review that determination.
The petitioner claims, at the outset, that there is provision under the Administrative Code of the City of New York for the appointment of policewomen to sergeants in the Police Department. She makes reference to subdivision b of section 434a-2.0 of the code to the effect that, “ [s]o far as the same are applicable the provisions of the charter governing the police department, and the provisions of such charter relating to salaries, pensions, appointments and removals of members of the police force shall apply to policewoman appointed in like manner and extent as to policemen.” And she also points out that section 434a-4.0 of the code provides that' “ [a]ny member [of the Police Department] # # * ■ assigned [to the Juvenile Aid Bureau — as the petitioner is — ] shall retain his or her rank and pay in the force and shall be eligible for promotion as if serving in the uniformed force ”. These sections, she insists, display an intent to give policewomen and policemen equal treatment within the department and, this being so, section 434a-13.0 which provides for selection of sergeants “ from among patrolmen of the first grade ’ ’ should be read to include policewomen of the first grade.
*695 As appealing as this argument might seem, however, its force and validity are destroyed by the express terms of, and the administrative practice under subdivision d of section 434a-2.0 of the code. As previously indicated, that section provides that there shall only be one rank of policewoman within the Police Department. Given the breadth of its language, the fact that in the 24 years since its enactment no plan for the promotion of policewomen to sergeants has been entertained by the Police Department or the Civil Service Commission, and the further fact that the City Council has on a number of occasions refused to enact proposed statutes authorizing the promotion of policewomen, there can be no doubt that subdivision d of section 434a-2.0 makes policewomen ineligible for promotion as sergeants.
Having reached this conclusion, I must next face the constitutional challenge which the petitioner raises. It is her contention that a statute which denies to women the right to be promoted within the Police Department is arbitrary, unreasonable and discriminatory and, as such, violative of the equal protection clauses of both the State and Federal Constitutions.
No one, it is true, has the right, as such, to be employed by New York State or one of its political subdivisions. Likewise, no one, as such, has the right to be promoted within the civil service. This does not mean, however, that a citizen of this State cannot demand as a constitutional right that appointments and promotions within the civil service shall be based on merit and not on bias or discrimination. (See New York State Constitution, art. V, § 6; People v. Crane, 214 N. Y. 154, 161; cf. Matter of Opinion of the Justices, 303 Mass. 631.) In fact, this right is plainly proclaimed in section 6 of article V of our State Constitution which reads: 1 ‘ Appointments and promotions in the civil service of the state and all the civil divisions thereof * * # shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive ”. And the right has also been judicially declared and rationalized in People v. Crane where Judge Cardozo wrote (supra, p. 161): 11 Since government, in expending public moneys, is expending the moneys of its citizens, it may not by arbitrary discrimination having no relation to the public welfare, foster the employment of one class of its citizens and discourage the employment of others. It is not fettered, of course, by any rule of absolute equality; the public welfare may at times be bound up with the welfare of a class; but public welfare, in a large sense, must, none the less, be the end in view. Every citizen has a like interest in the *696 application of the public wealth to the common good, and the like right to demand that there be nothing of partiality, nothing of merely selfish favoritism, in the administration of the trust.”
The issue, then, is whether the refusal to promote policewomen to the rank of sergeant is a refusal based on “merit and fitness ” (1ST. Y. Const., art. Y, § 6), or whether it smacks of “partiality” and “merely selfish favoritism” (People v. Crane, supra, p. 161).
It is well settled that the mere fact that the Legislature has treated women as a class differently from men is not a sufficient basis on which to condemn the legislation. (See Hoyt v. Florida, 368 U. S. 57; West Coast Hotel Co. v. Parrish, 300 U. S. 379, 394-395; People v. Schweinler Press, 214 N. Y. 395.) The plain testimony of the senses, a well-known French proverb, as well as numerous judicial decisions all vouch for the fact that a woman is different from a man. ‘ ‘ [A] s regards bodily strength and endurance [a woman] is inferior” (People v. Schweinler Press, supra, p. 401) and, on this account, as well as others, “she is properly placed in a class by herself” (Muller v. Oregon, 208 U. S. 412, 422).
Although these general propositions tend to substantiate the differential treatment afforded policewomen in the statute under consideration in this proceeding, they cannot, however, be taken as decisive. The question is not whether treating women as a class is ever rationally justified, but rather whether it is justified in this particular instance. The question is not whether any statute which discriminates against women is constitutionally valid but rather whether this particular statute is. And, in order to determine this question, we must ask whether the statutory proscription against the promotion of women within the Police Department ‘ ‘ bears some relation to the advancement of the public welfare ” (People v. Crane, 214 N. Y. 154, 168, supra; Matter of Opinion of the Justices, 303 Mass. 631, supra).
It is, of course, beyond dispute that women cannot perform all the functions which male sergeants may be called upon to perform in the Police Department. And yet this fact cannot be taken to justify a rule which prohibits any woman from becoming a sergeant. Women cannot perform all the assignments which policemen perform and yet this does not mean that women cannot function as policewomen in the Police Department; in fact, provision is made for policewomen in the Police Department despite the fact that they are unable to do all the things policemen are called upon to do. And, although women do not perform all the tasks which sergeants in the Army or the Air *697 Force are called upon to do, these bodies nevertheless promote women to> that rank.
Thus, we must distinguish the question whether any policewoman can perform all the functions of command and administration which a male sergeant of the police force should be able to perform, from the question whether any policewoman can perform enough of these tasks to warrant her promotion. Given the wide variety of assignments which sergeants have in the department and the fact that at least some of these undoubtedly involve little or no physical stress or exertion, I find it difficult to suppose a sound basis for saying that no policewoman could perform any of these assignments. On its very face, I find it unreasonable to conceive that an organization of the size of the New York City Police Department, having as it does approximately 25,000 policemen and approximately 300 policewomen, would not have at least some positions of authority in which women could perform at the same level of competence as men. If this is so, a statute which provides that no women may be promoted must be struck down as arbitrary and capricious.
For the reasons indicated, the discrimination against women which is assailed here may well violate also the equal protection clauses of the Federal and State Constitutions.
Considering, however, the deference which courts properly owe Legislatures in these matters and the presumption in favor of the reasonableness of any legislative classification, I am of the opinion, for the reasons heretofore stated, that a hearing should be ordered in this proceeding. Courts are increasingly called upon to determine constitutional questions in which the reasonableness of a legislative judgment is called into question. In many cases, the issue may be decided on affidavit or by resort to principles of judicial notice. In some cases, however, the issues are more complex and difficult and it is necessary that 1 ‘ they should be presented concretely with appropriate determinations upon evidence, so that conclusions shall not be reached without adequate factual support” (Borden’s Co. v. Baldwin, 293 U. S. 194, 210). As Justices Stone and Cabdozo declared in their concurring opinion in the Borden case, “it is inexpedient to determine grave constitutional questions upon a demurrer to a complaint, or upon an equivalent motion, if there is reasonable likelihood that the production of evidence will make the answer to the questions clearer ” (p. 213). I, therefore, order a hearing on the issue of whether or not it reasonably may be concluded that policewomen can properly perform such a number of the assignments in the Police Department which are currently performed by male sergeants as to warrant the *698 promotion of at least some policewomen to the position of sergeant. At such a hearing, the parties should he prepared to offer evidence as to the administrative procedures of the Police Department, in particular the nature of the duty assignments of male sergeants, as well as to any other matters pertinent to the determination at issue.